174

(No. 3361—)

UNITED OIL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 12, 1939.*

KENWORTHY, SHALLBERG & HARPER, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed February 17, 1939, seeking an award of One Hundred Forty-six and 26/100 ($146.26) Dollars as a refund of inspection fees on petroleum products shipped outside of the State of Illinois during the years 1934-35-36-37. During that period claimant was engaged in the distribution of such products in the City of Rock Island, Illinois, and paid to the Department of Finance inspection fees on gasoline received by it. Certain portions of such products were shipped outside of the State after inspection.

Section 13 of the Oil Inspection Act (Par. 13, Ch. 104, Ill. Revised Statutes—1935) as it read during the period covered by this claim, provided as follows:

"The fee for inspecting petroleum products shall be at the rate of 3 cents for each 100 gallons contained in the total quantity represented by the samples.

"However, when petroleum products shall be shipped outside of the State after inspection, the person so making such shipment shall be given credit by the department for such fees, if notice of such shipment out of the State, properly acknowledged and sworn to before a Notary Public is given the department, together with such other and further information relating to such shipment as the department may require, not later than the 15th day of the following month."

In its claim claimant recites—

"Notice of such shipments out of the State, properly acknowledged and sworn to by P. L. Welch, as President, before a Notary Public, was given the Department of Finance of the State of Illinois in accordance with said statute";

further,

"That on receipt of said notices claimant was immediately billed by the Department of Finance of the State of Illinois for inspection without

allowance of any credit to claimant for the gasoline gallonage · shipped outside of the State of Illinois.''

The Attorney General filed a motion to dismiss the claim on the ground that it was insufficient upon its face. This contention was overruled and the motion to dismiss was denied. The claim is now submitted upon a stipulation whereby the claim is to be considered upon the complaint and a report filed herein by the Supervisor of Motor Fuel Tax and Oil Inspection Divisions.

The report in question gives an itemized list of the dates on which the reports to the Motor Fuel Tax Division of the Department of Finance were filed by claimant for the respective months; also the month which such report represented and the dates of the respective monthly reports upon which same were acknowledged, as shown by the Notary's Affidavit.

The report discloses that the earliest date at which any of the reports were filed was the 18th day of the following month for which such report was made, and others varied from that date up to the 23rd of the month following that for which a report was then being made.

The Notary Public's acknowledgment dates on the respective reports vary from the 16th to the 19th of the respective subsequent months.

It is apparent that compliance with the requirements of the statute above cited, was not made whereby a refund might be obtained if the required report was made ''not later than the 15th day of the following month.''

This court has been repeatedly called upon to hold that the only basis upon which moneys paid into the State for a legitimate tax can be refunded, is where such payment is made under a mistake of fact, or where the statute under which the payment is required, contains some proviso directly authorizing a refund under stated conditions.

Where such proviso for a refund is contained in the statute, and the taxpayer shows compliance with such conditions, a payment can be made. Where a failure to so comply is shown, this court has taken the position and does now believe that it is without authority to authorize an award to the claimant for such refund. (*National Lock Co.* vs. *State,* 8 C. C. R. 320.)

The claim is hereby denied and the cause dismissed.